**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4413**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAHSAAN DIANTE PEARSON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:17-cr-00361-WO-1)

Submitted:  May 29, 2019                                    Decided:  June 11, 2019

Before NIEMEYER and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Craig M. Cooley, COOLEY LAW OFFICE, Cary, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, Frank Joseph Chut, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Rahsaan Diante Pearson of multiple counts of theft of mail matter and possession of stolen mail matter, and the district court sentenced him to 24 months' imprisonment. He appeals the criminal judgment, arguing that the district court erred by denying his motion to suppress statements he made to law enforcement following his arrest and challenging the credibility determinations underlying the district court's decision. Finding no reversible error, we affirm.

"In considering the appeal of a denial of a motion to suppress, we review the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Bullette*, 854 F.3d 261, 265 (4th Cir. 2017) (internal quotation marks omitted). "We further construe the evidence in the light most favorable to the government—the prevailing party below." *Id.* (internal quotation marks omitted).

"[U]nless a defendant is advised of his Fifth Amendment rights pursuant to *Miranda*[*] and voluntarily waives those rights, statements he makes during a custodial interrogation must be suppressed." *United States v. Azua-Rinconada*, 914 F.3d 319, 325 (4th Cir. 2019). In this context, "interrogation . . . refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *United States v. Bell*, 901 F.3d 455, 462-63 (4th Cir. 2018) (emphasis and internal quotation marks omitted).

---

[*] *Miranda v. Arizona*, 384 U.S. 436 (1966).

The undisputed evidence established that Officer Jeremy Beavers executed an arrest warrant on Pearson, who was a suspect in a series of postal collection box break-ins, and took him into custody. While waiting for United States Postal Inspector Alberto Sanabria to arrive at the scene, Beavers encouraged Pearson to speak with Sanabria. Upon his arrival, Sanabria engaged Pearson in a conversation without providing a *Miranda* warning; Sanabria asked whether Pearson remembered him from a prior meeting, showed him evidence from the mail theft investigation, and asked if Pearson would later submit to an interview. After police transported Pearson to the county jail, Sanabria read him his *Miranda* rights, and Pearson admitted breaking into several postal collection boxes.

At the suppression hearing, Pearson testified that, during their initial conversation, Sanabria induced a partial confession by asking him about gift cards taken from postal boxes and telling him that his cooperation would result in lesser charges. Sanabria, however, denied that Pearson offered any incriminating responses during this exchange. Sanabria also asserted that he posed just two questions during this conversation: whether Pearson remembered him and whether Pearson would speak with him at the jail.

Finding Pearson's testimony vague and confusing, the district court declined to credit his version of events. While the court expressed some concern about Sanabria's account, the court ultimately concluded that Sanabria did not make any statements that he should have known would elicit an incriminating response from Pearson. Critically, based on Pearson's opaque testimony, the court could not even determine whether any of Pearson's unwarned statements were incriminating.

3

While Pearson expends great effort on appeal assailing the reliability of Sanabria's testimony, we discern no basis for upsetting the district court's credibility determinations, to which we accord great deference. *United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016). Consequently, based on the facts found by the district court, we conclude that Sanabria did not interrogate Pearson merely by showing him evidence of the mail theft crimes. *See United States v. Payne*, 954 F.2d 199, 203 (4th Cir. 1992).

Pearson also claims that Beavers interrogated him by urging him to talk with Sanabria. Even if we accept this argument, Pearson could seek suppression only of his post-*Miranda*-warning confession, since the district court found Pearson made no other incriminating statements. In addition, Pearson also would need to establish that either his confession was involuntary or law enforcement elicited his post-*Miranda*-warning statements after using "deliberately coercive or improper tactics in obtaining the initial statement." *United States v. Mashburn*, 406 F.3d 303, 309 (4th Cir. 2005) (internal quotation marks omitted). Because we detect no impropriety in Beavers' suggestion that Pearson cooperate, we reject any claim that Pearson's confession was involuntary or a product of coercive interrogation. *See id.* ("Government agents may validly make some representations to a defendant or may discuss cooperation without rendering the resulting confession involuntary." (brackets and internal quotation marks omitted)). Thus, we conclude that the district court did not err in declining to suppress any of the statements Pearson made to law enforcement.

4

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*